<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>
File Name: 14a0181n.06

No. 13-3490

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

Mar 07, 2014

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| MARK VASEL BERISHA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

BEFORE: BATCHELDER, Chief Judge; McKEAGUE, Circuit Judge; and OLIVER, District Judge.[*]

PER CURIAM. Mark Vasel Berisha, a native and citizen of Albania, petitions for review

of an order of the Board of Immigration Appeals ("BIA"), dismissing his appeal from the denial

of his application for asylum and withholding of removal. We deny the petition.

After leaving Albania in 1997 due to the civil war, Berisha entered the United States

without inspection in 1999. Ten years later, Berisha filed an application for asylum and

withholding of removal based on his membership in a particular social group — the mentally ill.

The Department of Homeland Security served Berisha with a notice to appear, charging him with

removability under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), 8

U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or

_____

[*]The Honorable Solomon Oliver, Jr., Chief United States District Judge for the Northern
District of Ohio, sitting by designation.

paroled. Berisha admitted the factual allegations set forth in the notice to appear and conceded removability as charged.

Following a hearing, an immigration judge ("IJ") denied Berisha's application for asylum and withholding of removal and ordered his removal to Albania. The IJ determined that Berisha's asylum application was untimely. Assuming the timeliness of Berisha's asylum application, the IJ denied asylum on the merits as well as withholding of removal because mentally ill persons do not constitute a particular social group cognizable under the INA. Further, even if Berisha were in a cognizable group, he failed to demonstrate a well-founded fear of persecution if he were removed to Albania. Berisha appealed the IJ's decision. Dismissing the appeal, the BIA agreed with the IJ that Berisha failed to establish membership in a particular social group or a well-founded fear of persecution.

This timely petition for review followed. "Where the Board adopts the IJ's decision and supplements that decision with its own comments, as in this case, we review both the BIA's and the IJ's opinions." *Hachem v. Holder*, 656 F.3d 430, 434 (6th Cir. 2011). Questions of law are reviewed de novo, while factual findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009).

To obtain asylum, Berisha must establish that he is a refugee — that he is unable or unwilling to return to Albania "because of persecution or a well-founded fear of persecution on account of . . . membership in a particular social group." 8 U.S.C. § 1101(a)(42)(A); *see also* 8 U.S.C. § 1158(b)(1)(B)(i). Because Berisha does not claim past persecution, he must "establish a well-founded fear of future persecution by demonstrating: (1) that he has a fear of persecution in his home country on account of . . . membership in a particular social group . . . ;

(2) that there is a reasonable possibility of suffering such persecution if he were to return to that country; and (3) that he is unable or unwilling to return to that country because of such fear." *Pilica v. Ashcroft*, 388 F.3d 941, 950 (6th Cir. 2004). "A well-founded fear of persecution thus has both a subjective and objective component: an alien must actually fear that he will be persecuted upon return to his country, and he must present evidence establishing an 'objective situation' under which his fear can be deemed reasonable." *Id*. Berisha's withholding of removal claim is analyzed under the same basic framework as his asylum claim, except that he "must show a 'clear probability' of persecution." *Dugboe v. Holder*, 644 F.3d 462, 471-72 (6th Cir. 2011).

Berisha claimed a well-founded fear of persecution on account of being a mentally ill person. While we question whether mentally ill persons constitute a particular social group, *see Raffington v. INS*, 340 F.3d 720, 723 (8th Cir. 2003) (holding that "the mentally ill are too large and diverse a group to qualify"); *see also Rreshpja v. Gonzales*, 420 F.3d 551, 555 (6th Cir. 2005) ("[A]lmost all of the pertinent decisions have rejected generalized, sweeping classifications for purposes of asylum."), we need not address that issue because substantial evidence supports the conclusion that Berisha failed to establish a well-founded fear of persecution on account of his mental illness. Berisha asserted that he would not receive adequate treatment for his mental illness in Albania, but conceded that he knew nothing about current conditions given his long absence. As the IJ and BIA pointed out, the country reports indicate that Albania's laws prohibit discrimination against persons with mental disabilities, that mental health facilities have improved, and that there is no shortage of essential drugs. The record does not compel the conclusion that there is a reasonable possibility, let alone a clear probability, that

Berisha would suffer harm rising to the level of persecution on account of his mental illness if he were to return to Albania.  Accordingly, we deny Berisha's petition for review.